Davis, J.
The defendant in error calls to his aid the general rule that an injunction will not be granted against an action at law, where full defense may be made in such action. High on Injunctions, Secs. 89, 93. This familiar rule, however, is general but not universal; and we think that the case at bar comes within a distinctly marked exception, namely, where a pledge is the subject of controversy and it is a family relic, ornament, or heirloom having a special value to the owner, and for the loss of which damages in money would not be an adequate compensation. In such case a tender having been made of the amount previously claimed to be due, and refused, as alleged in this case, and it appearing that an accounting may be necessary to determine the state of running accounts between the parties; and that the sale or disposal of the pawned articles either by execution or otherwise, may cause an irreparable loss to the defendant in the action at law, no good reason appears why equitable relief should not be afforded. Under our code of civil procedure a provisional injunction could be had in an action for the recoyery of money only, in the court of common pleas or superior court of Cincinnati, and a full and adequate *132 defense could be there made without resorting to a separate action.
But the case here is different. The action is in a court of limited jurisdiction. A justice of the peace is not invested with the power to enforce equitable rights or to consider equitable defenses; so that the matters of account, fraud and oppression, irreparable injury and redemption of pledged and mortgaged property alleged here could not lawfully be heard and determined in the justice’s court. If adequate relief could be had by appeal from the judgment of the justice of the peace, there might,, perhaps, "be no ground for this proceeding; but during the time which is required to transplant the case from the justice’s court into the court of common pleas the apprehended loss or injury may take place; because on the theory of the defendant in error, equity cannot interfere. By the necessity of the case, then, there could not be a full and adequate protection of the defendant’s right before the justice of the peace; and the defendant had the right to resort to a court of general jurisdiction for redemption of the specific property pledged and mortgaged, for such discovery and accounting as may be necessary to determine the actual amount due; and for such restraining order, or orders, as the nature of the case might require.
The judgments of the superior court in general term and special term are
Reversed,
Shauck, C. J., Williams, Bukket and Speae, JJ., concur.